RECEIVED
JUL 2 0 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| MICHELLE STINER ON BEHALF OF HER MINOR CHILD, RANESHIA STINER | CIVIL ACTION NO. 06-0615 |
| VERSUS | JUDGE DOHERTY |
| YOUNG KANG | MAGISTRATE JUDGE HILL |

## MEMORANDUM RULING

Pending before this Court is a Motion to Remand this matter to the Fifteenth Judicial District Court for the Parish of Lafayette, State of Louisiana, on the basis that the removing defendant failed to obtain the agreement of its co-defendants to the removal of this matter. The motion is opposed. Originally, the motion was scheduled for oral argument; however, upon closer review of the briefing, this Court has concluded that further argument from counsel is not necessary to permit this Court to rule upon the motion. As such, oral argument is CANCELLED. For the following reasons, the motion to remand will be granted.

According to the various petitions filed herein, the plaintiff is the mother of a minor who purchased, over the counter, cosmetic contact lenses, the sale of which allegedly required a prescription; she was able to purchase those contact lenses despite the fact that she did not actually have a prescription. Ms. Stiner wore the cosmetic contact lenses and they caused substantial damage to her eyes and, eventually, to her vision. She has brought claims pursuant to state law.

The plaintiff has named four defendants in this matter and has brought them into this action in three stages:

- in the Petition for Damages, the only named defendant was Young Kang, the

- proprietor of 7 Star, the store from which Ms. Stiner bought the contact lenses;
- in the First Amending and Supplemental Petition for Damages, a second defendant, by the name of International Beauty World, Inc. – the company from which 7 Star purchased the lenses for re-sale – was added as a defendant; and
- in the Second Amending and Supplemental Petition for Damages, two new defendants were added: Ciba Vision Corporation and Novartis Corporation, both of which are alleged to be manufacturers of such contact lenses.

Within 30 days of receiving service, Ciba Vision removed this action, alleging federal jurisdiction pursuant to the Food, Drug & Cosmetic Act, 21 U.S.C. § 3604(a) and further alleging that Congress has mandated complete preemption of state court jurisdiction over claims associated with medical devices such as the contact lenses at issue. The record does not reflect that Ciba Vision, in removing this matter, obtained the agreement of *any* of its co-defendants. On the basis of this failure, the plaintiff now seeks remand of this matter to state court.

In any case removed from state court in which there are multiple defendants, the removing defendant is required to demonstrate, within the removal deadline, that all properly named and served defendants consent to the removal. "[A]ll defendants who are properly joined and served must join in the removal petition and [the] failure to do so renders the petition defective." Getty Oil Corporation v. Insurance Company of North America, 841 F.2d 1254, 1262 (5th Cir. 1988). This policy "promotes unanimity among the defendants without placing undue hardships on subsequently served defendants." Id. at 1263. In Getty, the Fifth Circuit required that all properly joined and served defendants parties actually join in the removal petition; however, the requirement that they appear as removing parties was later softened to require merely that the removing defendant arrange

for written indication of consent to be filed into the record by all non-removing defendants. "This rule simply requires that there be 'some timely filed written indication from each served defendant . . . that it has actually consented to such action.'" Gillis v. Louisiana, 294 F.3d 755, 759 (5th Cir. 2002). It is undisputed by Ciba Vision, the removing defendant, that the record does not contain any such indication of consent from any, much less all, of its co-defendants. Thus, the record does not demonstrate that Ciba Vision followed the requirements contained in 28 U.S.C. § 1446, as they have been interpreted in the jurisprudence of the Fifth Circuit.

In response to the remand motion, Ciba Vision argues that there are exceptional circumstances relating to one of its co-defendants, International Beauty World, Inc., *i.e.*, it appears that the company does not exist any longer or, at the very least, Ciba Vision has not had any luck in attempting to locate either the company or any representative of the company. The Fifth Circuit has recognized that there can be "exceptional circumstances" under which a defendant may be excused from obtaining the removal consent of one or more of its co-defendants. Gillis, 294 F.3d at 759, *citing* Getty, 841 F.2d at 1263 n.12. The difficulty with Ciba Vision's argument is that, even if the facts concerning International Beauty World did create to exceptional circumstances – and this Court is strongly inclined to believe that they would – Ciba Vision has not made mention of the other two of its co-defendants.

One of the other co-defendants – Novartis – has been dismissed, voluntarily and without prejudice, from this action. While that dismissal did not occur within the thirty (30) days immediately after service of the Second Supplemental and Amending Petition for Damages, there *might* be an argument about whether it was "properly joined" such that its consent was required (although Ciba Vision has not actually made that argument). Even granting Ciba Vision the benefit

of the doubt as to Novartis, however, it has not made any mention whatsoever of the original named defendant, Young Kang. As to this defendant, this Court has reviewed the record and discerns absolutely no basis for concluding that his consent was not necessary. More importantly, Ciba Vision has not identified any basis for arguing that the failure of consent, with regard to Young Kang, is justified in any way.

For the foregoing reasons, this Court finds that Ciba Vision Corporation failed to remove this matter in accordance with the requirements of 28 U.S.C. § 1446 and controlling Fifth Circuit jurisprudence, and the remand motion will be GRANTED.

THUS DONE AND SIGNED in Chambers, Lafayette, Louisiana, this ___ day of July, 2006.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE

7-20-06

via fax: Brandt
Hunter
Sean